IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>vs.<br><br>TINA ANGELA DAVIS-SMITH,<br><br>     Defendant. | 8:13CR315<br><br>**ORDER** |

  This matter is before the Court on the defendant's motion for reconsideration of restitution, Filing No. 52. The defendant asserts that in February of 2014, her tax refund of $6,347.00 was intercepted by the Social Security Administration. She seeks to have that prejudgment offset of her tax refund credited against the amount she was required to pay as part of the terms of her supervised release.

  The record shows the defendant was convicted on April 14, 2014 of crimes of false identity and making a false statement in connection with receipt of Social Security benefits. Filing No. 34, Judgment. The parties stipulated to a Guidelines loss of $8,046.00 to the Social Security Administration and the defendant agreed to make monthly restitution payments toward that amount. Filing No. 33. The stipulation provided that the obligation to make monthly restitution payments would cease on the defendant's discharge from supervised release. *Id.* at 2. The stipulation provided that nothing in the stipulation or related order of restitution would preclude the Social Security Administration from asserting its rights in any administrative or civil attempt to recover any administrative or judicially determined benefit overpayments and/or losses arising out of the defendant's conduct in this matter. *Id.*

The defendant was sentenced on April 18, 2014 to consecutive terms of imprisonment of 12 and 24 months, followed by concurrent terms of supervised release of one and three years.  Filing No. 34, Judgment.  According to the Presentence Investigation Report, the Social Security Administration suffered a loss of $56,818.  Filing No. 50, Revised Presentence Investigation Report at 9.  Restitution, however, was imposed only as a condition of supervised release in the amount of $8,046.  Filing No. 34, Judgment at 4.

The United States has shown that the issue is moot because the defendant has finished her term of supervised release.  Because there was no petition for violation of the defendant's conditions of supervised release for non-payment of the amount of restitution the defendant was ordered to pay, there is nothing for the Court to address.  Whether the defendant got credit for the offset or not in the criminal case no longer matters because her supervised release has ended.  The Court no longer has any power to revoke the supervised release and impose a term of imprisonment or extended term of supervised release.  See 18 U.S.C. §3583(i).

It appears that the Social Security Administration's losses exceeded the amount than the defendant was required to pay as a condition of supervised release.  Although the Social Security Administration may continue to seek to recover the amount it is allegedly owed from the defendant through civil and/or administrative means, the defendant must challenge that action in administrative or civil proceedings and cannot do so in this criminal proceeding because the Court is without jurisdiction once her term of supervised release ends.  Accordingly,

3

IT IS ORDERED that the defendant's motion for reconsideration of restitution (Filing No. 52) is denied as moot.

Dated this 29th day of May, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge